IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| POWER ROGERS & SMITH, P.C., an Illinois Professional Corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 14 CV 5004 |
| EAGAN AVENATTI, LLP, a California Limited Liability Partnership f/k/a EAGAN O'MALLEY & AVENATTI, LLP; and MICHAEL J. AVENATTI, Individually, | ) ) ) ) ) ) | Judge Harry D. Leinenweber Magistrate Daniel G. Martin |
| Defendants. | ) | |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S
### MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447(c)

NOW COMES Plaintiff POWER ROGERS & SMITH, P.C., by and through counsel, hereby moving this Honorable Court to Remand this matter back to the Circuit Court of Cook County, Law Division, pursuant to *28 U.S.C. §1447(c)*. In support thereof, Plaintiff asserts as follows:

### Procedural Background

1. This cause of action arises from the Defendants' alleged breach of contract and conversion of Plaintiff's property. (***See*** *Attached Exhibit A,* Plaintiff's Complaint at Law)

2. On April 11, 2014, Plaintiff filed a two-count Complaint at Law. The Defendants were personally served with receipt of the summons and complaint by the Orange County Sheriff's Office on May 2, 2014. (***See*** *Attached Exhibit B*)

3. On May 12, 2014, the Defendants sent Plaintiff's counsel signed notices and acknowledgment of the receipt of the summons and complaint at law. (***See*** *Attached Exhibit C*)

4. On June 30, 2014, **60 days after being personally served with summons and the complaint and 50 days from their personal acknowledgment of receipt of summons and**

**complaint**, Defendants filed their Notice of Removal of Action, pursuant to *28 U.S.C. §§ 1332, 1441(a) & (b) & 1446(b)*. (*See* Attached Exhibit D, *Defendant's Notice of Removal*)

5. Within its Notice of Removal, Defendants state that "[T]his notice is being filed within thirty [30] days after receipt by Defendant of the State Court's Order dated June 3, 2014 setting the time within which Defendant is to respond to the Complaint." (*See Exhibit D, Defendants' Notice of Removal*, ¶2)

6. In response to Defendants' Notice of Removal, Plaintiff hereby files its timely Motion to Remand pursuant to *28 U.S.C. §1447(c)*.

7. According to the Federal Rules of Civil Procedure, "[T]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *28 U.S.C. § 1446(b)(1)*

8. As will be shown *infra*, Defendants filed their Notice of Removal after the allotted 30 day requirement, as required by *§ 1446(b)(1)*, had long expired. Thus, Plaintiff prays that this Honorable Court remand this matter back to the Circuit Court of Cook County, Law Division.

**Argument**

**Plaintiff's Motion To Remand Should Be Granted As Defendants Failed To File Their Notice Of Removal Within Thirty Days After Being Served With The Summons And Complaint Of This Cause Of Action**

9. The procedure for removal of civil actions from a State Court to a Federal Court is contained within *28 U.S.C. § 1446(b)(1)*. The requirements for removal are as follows:

2

**§ 1446. Procedure for removal of civil actions**

**(b) Requirements; generally.** – (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

*28 U.S.C. § 1446(b)(1)*

10. Defendants in this matter were personally served with receipt of the summons and complaint by the Orange County Sheriff's Office on May 2, 2014. (*See* Exhibit B) There is no argument that this personal service was defective or improper in any manner. All defendants were served. Under the federal code, the running of the time period to file a notice of removal would begin on the date of personal service. *Roe v. O'Donohue*, 38 F.3d 298 (7th Cir. 1998)

11. On May 12, 2014, the Defendants sent Plaintiff's counsel signed notices and individual acknowledgment of the receipt of the summons and complaint at law. (*See* Exhibit C) Even if the personal service of May 2, 2014 was defective - which it was not - even the Defendants would have to concede that the running of the time period to file a notice of removal would begin on May 12, 2014 - the date of acknowledgment.

12. On June 30, 2014, **60 days after being personally served with summons and the complaint and 50 days from their personal acknowledgment of receipt of summons and complaint**, Defendants filed their Notice of Removal of Action, pursuant to *28 U.S.C. §§ 1332, 1441(a) & (b) & 1446(b)*. (*See* Exhibit D, Defendant's Notice of Removal)

13. From a reading of Defendants' notice, it would appear that Defendants used the wrong provision of the code in calculating the time period wherein they had to file their notice of removal. Indeed, Defendants stated that "[T]his notice is being filed within thirty [30] days after

3

receipt by Defendant of the State Court's Order dated June 3, 2014 setting the time within which Defendant is to respond to the Complaint." (*See* *Exhibit D*, ¶2)

14. As this Court knows, the requirement for filing a notice of removal is 30 days from service of the complaint, not 30 days from the receipt of a state court order setting a time period to answer Plaintiff's complaint.

15. Accordingly, Defendants failed to timely file their notice of removal even after providing acknowledgment of proper service of summons and the complaint:

\*   Complaint Filed on April 11, 2014;

\*   Proper Service by Orange County Sheriff -   May 2, 2014 [30 Days - June 1, 2014];

\*   Defendants Acknowledgment of Service -   May 12, 2014 [30 Days - June 11, 2014];

\*   **Defendants Notice of Removal Filed on June 30, 2014** [Untimely and Waived]

WHEREFORE, Plaintiff POWER ROGERS & SMITH, P.C., by and through counsel, hereby prays that this Honorable Court Remand this matter back to the Circuit Court of Cook County, Law Division, pursuant to *28 U.S.C. §1447(c)*.

Respectfully submitted,

By: _____
One of the Attorneys for Plaintiff

Joseph A. Power, Jr.
Sean M. Houlihan
POWER ROGERS & SMITH, P.C.
70 West Madison Street
Suite 5500
Chicago, IL 60602
(312) 236-9381
(312) 236-0920
Attorney Code #02655926

4